UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

---

Donald Gibson

*Plaintiff*

- *v.* -                                            Docket No.  1:06-cv-00150-PB

Mack Trucks, Inc.

*Defendant*

---

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES the defendant, Mack Trucks, Inc., by its attorneys, Devine, Millimet & Branch, Professional Association, and states as follows:

1.      The instant litigation arose out of a work-related accident that is alleged to have occurred on 7 May 2003.

2.      At the time of his injury, the plaintiff was acting within the scope of his employment with State Line Truck Service, Inc.

3.      Suit against the defendant was commenced by a complaint filed with the court on 26 April 2006, almost three years after the date of the plaintiff's accident.  The Complaint was amended, without objection, on 14 July 2006.

4.      The plaintiff alleged in the (first) Amended Complaint that he severely injured his right wrist while he was "tightening a spring clip."[1]   (Amended Complaint, at ¶ 8.)

5.      He further alleged in the (first) Amended Complaint that the spring clip in question had been "defectively designed and manufactured by Mack Trucks." (Amended Complaint, at ¶ 8.)

6.      The defendant moved for summary judgment, on the ground that Mack Trucks had not designed, manufactured, assembled, distributed or sold the failed spring clip.

7.      The court (Barbadoro, J.) granted partial summary judgment in favor of Mack Trucks on that ground, but allowed the plaintiff one final opportunity to amend his complaint. (Exhibit 1, Transcript of Telephonic Hearing.)

8.      The plaintiff subsequently filed his Second Amended Complaint, and it is that pleading that is the subject of the instant motion for summary judgment.

9.      In his Second Amended Complaint, the plaintiff has alleged that his injury was the result of Mack Trucks' failure to warn him that he might be injured if he over-torqued a spring clip (u-bolt) during replacement.  (Second Amended Complaint, at ¶¶ 11, 12 and 21(i).)

10.     He also claims that Mack should have warned him to use only genuine Mack parts, although nowhere in his amended pleadings does he allege the non-genuine parts are less safe, or more likely to fail during installation, than are genuine Mack parts.  (Second Amended Complaint, at ¶¶ 13, 14, 21(j) and 21(k).)

---

[1]  The spring clips at issue are large u-bolts which are used to attach a truck suspension spring pack (comprising several individual spring leaves) to the truck's chassis.  The spring clips are fastened to the chassis with large nuts installed on the threaded ends of the bolts.

11.     There is no genuine issue of material fact remaining on either of these claims, and the defendant now moves for summary judgment in its favor as to the entire Second Amended Complaint.

12.     Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

13.     The party moving for summary judgment "bears the initial responsibility of ... identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

14.     Once the moving party has met its burden, the burden shifts to the adverse party to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted."  *Ayala-Gerena v. Bristol Myers-Squibb Co.,* 95 F.3d 86, 94 (1st Cir. 1996).

15.     The "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *See also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986).

16.     With respect to the plaintiff's claim that he was injured by over-torquing the spring clip, the plaintiff has failed to produce any evidence whatsoever to support that allegation.

17.     In fact, and quite to the contrary, the plaintiff himself has repeatedly refuted his attorneys' assertion that the bolt was over-torqued.

18.     First, the documents that the plaintiff produced with his initial Rule 26 disclosures reveal that the failed part had NOT been over-torqued.

19.     Included in the plaintiff's Rule 26 disclosures was a copy of the Form 8WC that was signed personally by the plaintiff, and filed with the New Hampshire Department of Labor by the plaintiff's employer. (A copy of the Form 8WC, signed by the plaintiff, is attached to and incorporated in this motion as Exhibit 2.)

20.     In Section 25 of that form, the accident was described as follows:

>       "Torquing u-bolt on truck. required torque is 1750 ft. lbs. - u-bolt broke at approx. 600 lbs forcing broken u-bolt and torque wrench downward bending wrist backwards"

21.     The report clearly indicates that the bolt was *not* over-torqued, but rather, had failed after only about one-third of the intended torque had been applied, and long before the target torque level of 1750 ft./lbs had been reached.

22.     Nowhere in the Form 8WC is there any suggestion that that bolt had fractured as a result of it being over-tightened during installation, nor is there any suggestion that the plaintiff was claiming that over-torquing the bolt had caused his injury.

23.     Next, as part of the discovery in this case, interrogatories were propounded to the plaintiff.  In those interrogatories, the plaintiff was asked to provide a description of how the accident had occurred.

24.     In his responses, which were served on the defendant in January of 2007, the plaintiff again stated that the bolt had broken at 600 lbs., confirming the original description of the accident that he had signed for the New Hampshire Department of Labor.

25.     Nowhere in his interrogatory answer is there any suggestion that he had over-torqued the bolt while installing it.  (A copy of the plaintiff's answer to Interrogatory # 9 is attached to and incorporated in this motion as Exhibit 3.)

26.     The plaintiff again confirmed that the bolt had not been over-torqued, when he testified at his recent deposition.

27.     During the deposition questioning, the plaintiff admitted that the bolt had failed well before the torque level that was necessary to complete the installation (1750 ft./lbs.) had been reached.  (Gibson Deposition Transcript, at pp. 77-78, 81-83, attached hereto as Exhibit 4.)

28.     He also testified repeatedly during his deposition that the bolt had *not* been over-torqued by him.  (Gibson Deposition Transcript, at pp. 81-83, 142, attached hereto as Exhibit 4.)

29.     The plaintiff's repeated statements that the bolt was not over-torqued stand uncontroverted.

30.     Since the plaintiff has admitted (repeatedly) that the bolt was not over-torqued, there is no way a jury could possibly find that the defendant's alleged failure to warn of the risk of over-torquing had caused the plaintiff's injury.

31.     In the absence of over-torquing, the alleged failure to warn is irrelevant, and no genuine issue remains for trial as to that claim.

32.     With respect to the plaintiff's claim that Mack should have warned the plaintiff to use only genuine Mack parts, there is no allegation contained in the Second Amended Complaint that non-genuine spring clips are less safe, or are more likely to fail during installation, than are genuine Mack spring clips.

33.    The plaintiff would apparently have the court (and a jury) assume, that non-genuine spring clips are more likely to fail during installation than are genuine Mack spring clips. However, this allegation has never been properly pled.

34.    Moreover, even if that claim had been properly pled, such a claim would require expert testimony to establish it at trial, as there is no way that an average jury would know whether non-genuine spring clips are more likely to fail during torquing than genuine Mack parts.

35.    The allegation is clearly outside the common knowledge and everyday experience of the average person, and "beyond the ken of the average layman."  See *District of Columbia v. Freeman*, 477 A.2d 713 (D.C. 1984), *Zinnell v. United States Shipping Bd. E.F. Corp*., 10 F.2d 47, 49 (2d Cir. 1925), and *Lemay v. Burnett*, 139 N.H. 633, 660 A.2d 1116 (1995).  As such, expert testimony would be required.

36.    The plaintiff has not identified any expert witness who has offered such an opinion, and the deadline for the disclosure of the plaintiff's experts has now passed.

37.    In light of the foregoing, there is no genuine issue of material fact remaining for trial as to the claims set forth in the plaintiff's Second Amended Complaint, and the defendant is entitled to the entry of summary judgment in its favor pursuant to Fed. R. Civ. P. 56(c).

38.    A memorandum of law is attached to and incorporated in this motion.

39.    Due to the dispositive nature of this motion, the undersigned counsel has not sought the concurrence of opposing counsel.   See Local Rule 7(c).

WHEREFORE, the defendant respectfully requests that the honorable court enter summary judgment in its favor pursuant to Fed. R. Civ. P. 56(c) as to the entire Second Amended Complaint; and grant such other and further relief as the court may deem just.

Respectfully submitted,

**Mack Trucks, Inc.**

By its attorneys,

DEVINE, MILLIMET & BRANCH,
PROFESSIONAL ASSOCIATION


/s/ Robert C. Dewhirst

Dated:  1 October 2007

_____
Robert C. Dewhirst, Esquire
NHBA # 634
111 Amherst Street
Manchester, NH  03105
(603) 669-1000
rdewhirst@devinemillimet.com

CERTIFICATE OF SERVICE

I hereby certify that I have this day caused the foregoing *Defendant's Motion for Summary Judgment* to be served upon the following individuals via electronic transmission in accordance with the court's Administrative Procedures for Electronic Case Filing:

a)    Scott A. Ewing, Esquire
b)    Robert M. Caplan, Esquire


                                                /s/ Robert C. Dewhirst
Dated:  1 October 2007                          _____
                                                Robert C. Dewhirst, Esquire
                                                NHBA # 634