**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Donald Gibson</u>

     **v.**                          Civil No. 06-cv-150-PB
                                       Opinion No. 2007 DNH 146

<u>Mack Trucks, Inc.</u>

<u>**MEMORANDUM AND ORDER**</u>

Donald Gibson is a truck mechanic who was injured on May 7, 2003, while repairing a spring clip (also called a "u-bolt") on a truck manufactured by Mack Trucks, Inc. ("Mack").  Gibson claims that Mack is liable in negligence because the company failed to provide warnings regarding the dangers of over-tightening (also referred to as "over-torquing") spring clips, the dangers of using spring clips not manufactured by Mack, and other unspecified dangers associated with the installation, maintenance, use, condition, and tightening of spring clips. Mack has moved for summary judgment.

## I.  <u>BACKGROUND</u>

At the time of his injury, Donald Gibson was a professional mechanic with over a decade of experience repairing large trucks.

On May 7, 2003, Gibson was working beneath a large Mack truck, tightening a nut on a spring clip using a hydraulic torque wrench.  The spring clip fractured while Gibson was tightening the nut, causing the torque wrench to lurch forward.  As a result, Gibson severely fractured his wrist.  According to his deposition, Gibson has repaired hundreds of spring clips.  In all his years as a truck mechanic, Gibson never heard of a spring clip breaking while it was being torqued and was never warned about this risk.

Gibson initially sued Mack on a strict liability theory predicated on his belief that Mack had manufactured the spring clip.  In discovery, however, it became clear that the premise underlying those claims was flawed because Mack had not manufactured the spring clip.  Therefore, on May 24, 2007, I granted partial summary judgment in Mack's favor with respect to all of Gibson's existing claims.  At the same time, however, I gave Gibson the opportunity to amend his complaint a second time (resulting in the "second amended complaint" referred to in this opinion and in the parties' pleadings) to assert any remaining claims against Mack.

In his second amended complaint, Gibson sets forth a common law negligence claim, alleging that his injury was a direct and proximate result of Mack's breach of its duty to warn about: (1) the risk of personal injury from the over-tightening of spring clips; (2) the risks and hazards associated with use of a non-Mack spring clip; and (3) the hazards associated with the maintenance, use, installation, condition, and tightening of spring clips.

## II.  <u>STANDARD OF REVIEW</u>

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A party seeking summary judgment must first identify the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  The burden then shifts to the nonmoving party to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion

must be granted."  <u>Ayala-Gerena v. Bristol Myers-Squibb Co.</u>, 95

F.3d 86, 94 (1st Cir. 1996); <u>see</u> <u>Celotex</u>, 477 U.S. at 323.

### III.  <u>ANALYSIS</u>

To recover on his failure to warn claims, Gibson must prove

that: (1) Mack had a duty to provide certain warnings; (2) Mack

failed to provide the required warnings; and (3) Mack's breach of

duty caused Gibson's injuries.  <u>See</u> <u>Dupont v. Aavid Thermal

Technologies, Inc.</u>, 147 N.H. 706, 709 (2002); Dan B. Dobbs, <u>The

Law of Torts</u> §§ 363, 364, 367 (2001)(describing duty to warn and

required proof of causation).  As I explain below, Gibson has

failed to proffer sufficient evidence in response to Mack's

summary judgment motion to satisfy these requirements with

respect to any of his failure to warn claims.

Gibson first contends that Mack is liable because it failed

to warn him that spring clips can fracture if they are over-

torqued.  Assuming without deciding that such a warning was

required, Gibson cannot succeed with this argument because there

is no evidence in the record to support his counsel's conclusory

-4-

assertion that Gibson over-torqued the spring clip.[1]

Gibson next argues that Mack is liable because it failed to warn him that non-Mack spring clips are more susceptible to fracture than Mack spring clips.  This argument is fatally flawed because there is no evidence in the record to support Gibson's claim that non-Mack spring clips are more likely to fracture than Mack spring clips.

Finally, Gibson contends that Mack is liable because it failed to warn him of "the potential for personal injury in any manner associated with the use of u-bolts."  Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. at 6 (Oct. 29, 2007).  The difficulty with this argument is that Gibson has failed to explain how he would have avoided injury if Mack had provided the warning he now seeks.

Because Gibson has failed to proffer sufficient evidence to support any of his failure to warn claims, Mack is entitled to judgment as a matter of law.

---

[1]Both the interrogatories submitted by Gibson and the Form 8WC accident report signed by Gibson indicate that the bolt broke at approximately 600 lbs. of torque when the required torque was 1750 lbs., and Gibson stated in his deposition that he did not over-torque the bolt.  See Def.'s Mot. for Summ. J. at ex. 2 (Form 8WC) and ex. 3 (interrogatories) (Oct. 1, 2007); Gibson Dep. at 81-83 (Sept. 7, 2007).

V.   **CONCLUSION**

For the reasons stated above, defendant's motion for summary judgment (Doc. No. 37) is granted.  The clerk is directed to enter judgment accordingly.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

November 30, 2007

cc:  Robert M. Caplan, Esq.
     Scott Ewing, Esq.
     Robert Dewhirst, Esq.